## Conner *et al.* Appellants, *v.* Routh.

A note payable twenty-four after date, is not void for uncertainty, nor a note on demand ; but payable sometime after date.

Where the time of the payment of a note, has been omitted by mistake, the holder may insert the time intended.

Words are often supplied to carry out the reasonable intention of the parties, and in pleading the instrument is described as if it contained the omitted words.

A note payable twenty-four after date, is admissible in evidence without other testimony under an averment in the declaration, that twenty-four months after date was the time meant by the parties, the jury being the judges of the fact of the time of payment intended to be stipulated by the parties to the instrument.

APPEAL from the circuit court of the county of Adams.

This was an action of assumpsit on the following promissory note. "Natchez, 1st of February, 1837, twenty-four after date, I promise to pay without defalcation to W. J. Ferguson on order, twenty-two hundred and fifty-five dollars, for value received, negotiable and payable at the Agricultural Bank of Mississippi, (signed,) J. L. Conner." The defendants by their counsel objected to the reading of the note in evidence ; whereupon the counsel of the plaintiff offered to introduce a witness to explain the ambiguity in the note, but the court decided that, inasmuch as the words "twenty-four" were stated in the declaration as meaning "twenty-four months," the same should be read without any evidence to explain the ambiguity, and permitted the said note to be read in evidence, which was all the evidence offered on this point. Verdict and judgment for the plaintiff.

The error assigned, is the opinion of the court in relation to the admission of the note in evidence on the trial.

B. D. HowARD for appellants.

1. The note sued on specifies no time of payment. It reads "twenty-four after date." The declaration avers the note to be payable

Conner *et al.* Appellants, *v.* Routh.

twenty-four months after date, and the court permitted the plaintiff to read this note payable ".twenty-four after date," as proof to support the averment of declaration. This was error. There is a material variance between the note read in evidence and that sued on. Sebree *v.* Dorr, 9 Wheaton, 558, or 5 Cond. 677; 7 Wheaton, 35, or 5 Cond. 222; Sheeby *v.* Mandeville, 7 Cranch, 208, or 2 Cond. 476; Pope *v.* Burnett, 1 Mason, 117.

The legal effect of the note was, that it was payable on demand. Thus a note payable on demand was permitted to be introduced as evidence of a note declared to be' payable twelve months after date. Bailey on Bills, 2 Am. Ed. 423.

2. At least the note was not clearly payable "twenty-four months after date." There was an ambiguity which needed explanation and which might have been explained by testimony.

The court improperly ruled that an averment supplied the place of proof of a material allegation, viz: the time when the note was payable.

VANWINKLE & POTTER for defendant.

Whether the appellee could recover without proof that the note was, by understanding of the parties, in fact payable as alleged in the declaration, was a question not presented to the court below, nor does it arise on this record. The appellants did not object to the sufficiency of the proof to sustain the action, and that objection cannot be considered now; in order to bring that point before the court here, the appellants should have asked appropriate instructions of the court below, or have moved for a new trial. These objections must determine the judgment of the court against the appeal.

The true merits of the case as presented by the record are also in favor of the appellee. The appellants made and indorsed the note without designating a day of payment, and they must suffer the consequences of that omission ; they cannot say to the holder that no recovery shall be had because no proof exists to show what date was intended as the day of payment.

They offered no proof to show that any day of payment was actually intended by the parties to the note ; it may be that the maker and each of the indorsers as they severally became party

to the note, understood and intended each for himself a given day on which it was to become due, and so as to the different parties the note would become payable months and years apart; it may be that the omission was intentional to cheat and delude the holder. To prevent such mischiefs the court will, for the protection of the holder, construe the note as an authority to him to designate any day consistent with the tenor of the note as the day of payment.

This note being payable " twenty-four after date," was not payable on demand, but must be considered as a note made and indorsed by the appellants with the intent and understanding that it should become due and payable twenty-four days or twenty-four months, &c., after date at the will of the holder. The holder might designate the date of payment by inserting a given day in the note without the consent of the maker or indorser, and they could not destroy the legal effect of the note so perfected by showing another day to be the time of payment agreed upon between themselves. Mechanic's & Farmers Bank *v.* Schuyler, 7 Cowen, 337, note, *a.* Mitchell *v.* Culver, *Ib.* 336.

But the holder is not bound to insert in the note a day of payment before he can make demand or sue upon the note. Bailey on Bills, 237; Chitty on Bills, 169. He may designate the day in any manner he pleases, and the note is a full authority for that purpose; if he demands payment of the note at a given day, he thereby designates the day of payment as clearly and positively as if he had fixed the date on which it should fall due by inserting a day in the note. The appellee has averred on the record that he did designate a day twenty-four months after the date of the note as the day of payment, and thereupon make due demand of payment; and the verdict of the jury is proof that the averment of such demand was sustained by the evidence at the trial.

The defendants by their plea admitted that they did make the note with the intent, effect and meaning averred in the declaration.

Although this should be considered a note payable on demand, yet the conclusion is, that due proof of demand and notice was made before the jury, and the appellants cannot gainsay the verdict.

Opinion of the court by Mr. Justice CLAYTON.

This was an action of assumpsit upon a promissory note in which there is an omission of some word that would express the time when it is payable. It reads, "Twenty-four after date," not saying whether days, months, or years were intended. The declaration avers that months were intended. Upon the trial the defendants objected to the reading of the note to the jury. The plaintiff then offered to explain the ambiguity by a witness, but the court suffered the note to be read, and refused to hear other evidence. To this the defendants excepted. Verdict and judgment were rendered for the plaintiff, and the case comes by appeal to this court.

It is urged that the note should have been excluded, because it was by law a note payable on demand, and therefore varied from the note described in the declaration. When no time of payment is fixed in a note it is payable on demand. 5 Cow. 517; 8 Johns. 192. But this is not a note of that kind. It is evidently payable at some time after the date, either days, months or years. The holder could not disregard its words and go for immediate payment. He might have filled it up with the time really intended, and which had been omitted by mistake, and such alteration would not vitiate. Chitty on Bills, 206–7. But surely if the plaintiff had declared as upon a note payable on demand, this note could not have been read in support of the allegation.

If the court had thought the note was void for uncertainty, then it should have been withheld from the jury. We do not think that it was void. Words are often supplied to carry out the reasonable intention of the parties; and in pleading the instrument is described as if it contained the omitted words. In one case the word pounds was supplied, Coles *v.* Hulme, 15 Com. Law Rep. 300; in another the word hundred, Waugh *v.* Russell, 1 Marshall; in another the name of the bargainor, Lloyd *v.* Lord Say and Sele, 1 Bro. Par. Cas. 379; and in another the name of the obligee, Langdon *v.* Goole, 3 Lev. 21. See Kincannon *v.* Carroll, 9 Yerg. 11.

In Boyd *v.* Brotherson, 10 Wen. 93, a note was intended to be made for eight hundred dollars, but by mistake the two latter words were omitted. The note was indorsed, and afterwards altered by

the maker by the insertion of those words. In an action against the indorser, the question as to the sum intended to be inserted was submitted to the jury, and upon the testimony of the maker they found for the plaintiff.

In this case the issue was for the jury to determine. The averment that the note was payable twenty-four months after date, had to be proven to their satisfaction. The note was a necessary link in the chain of evidence, and was properly permitted to go before them. They were satisfied of the truth of the averment, and we see no reason to disturb their finding.

Judgment affirmed.